IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DONALD WAYNE HEROD, §
TDCJ #1538539, §
 §
      Petitioner, §
 §
v. §
 §  CIVIL ACTION NO. H-18-2250
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
      Respondent.[1] §

## MEMORANDUM OPINION AND ORDER

State inmate Donald Wayne Herod (TDCJ #1538539) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction that was entered against him in 2008. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

---

[1]The petitioner names "Warden Bell" as the respondent. Because he is in custody of the Texas Department of Criminal Justice ("TDCJ"), Director Lorie Davis is substituted as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

Herod challenges a conviction and sentence that he received on October 31, 2008, in Harris County Cause No. 1152281.[2] Court records reflect that a jury in the 339th District Court for Harris County, Texas, found Herod guilty of felony driving while intoxicated ("DWI") in that case.[3] Herod received a 50-year prison sentence as a result of that conviction,[4] which was affirmed on direct appeal. See Herod v. State, No. 01-08-00908-CR, 2010 WL 1981577 (Tex. App. — Houston [1st Dist.] May 3, 2010, pet, ref'd).

On June 26, 2018, Herod executed the pending Petition for a federal writ of habeas corpus.[5] Herod contends that he is entitled to relief from his conviction in Cause No. 1152281 because: (1) police officers failed or refused to test his blood alcohol level after he refused to take a breath test; and (2) the trial court erred by sentencing him as a felon because his offense was only a misdemeanor.[6]

Court records reflect that Herod has filed a previous federal habeas corpus proceeding to challenge the same conviction. See Herod v. Thaler, Civil No. H-11-2440 (S.D. Tex.). The district

---

[2]Petition, Docket Entry No. 1, pp. 2-3.

[3]Judgment of Conviction by Jury, Docket Entry No. 16-5, p. 35 in Herod v. Thaler, Civil No. H-11-2440 (S.D. Tex.).

[4]See id.

[5]Petition, Docket Entry No. 1, p. 10.

[6]Id. at 6-7.

court denied relief and dismissed that proceeding with prejudice on July 2, 2012, after concluding that he did not establish a meritorious claim for relief. See id. (Docket Entry No. 34). Herod did not appeal or seek a certificate of appealability from the Fifth Circuit. A subsequent proceeding filed by Herod was dismissed for lack of authorization from the Fifth Circuit to raise a successive challenge. See Herod v. Thaler, Civil No. H-12-3267 (S.D. Tex.) (Docket Entry No. 7).

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ application, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is "second or successive"

when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Herod's proposed claims depend on facts that were available to him at or around the time of his trial in 2008, and could have been presented previously. Because these claims could have and should have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this court can consider it. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Because the petitioner has not presented the requisite authorization, the Petition will be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Donald Wayne Herod (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. The petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 9th day of July, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE